**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DEREK MAURICE PARKS, SR.                                                    PLAINTIFF
ADC #128186

V.                                          NO: 2:11CV00199 JLH/HDY

CORIZON INC. *et al.*                                                    DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Derek Maurice Parks, Sr., an inmate at the East Arkansas Regional Unit of the

Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on November 4, 2011,

alleging that he was denied medication for a chronic illness and eye condition after a transfer to the

EARU on June 13, 2011.  Plaintiff claims the denial resulted in illness and complications for his

eyesight.   On July 17, 2012, Defendants Alisha Bell, Traci Ford, Renee Reese, and Denise

Strickland ("Defendants"), filed a motion for summary judgment, a brief in support, and a statement

of facts (docket entries #66-#68).  Plaintiff filed a response on July 30, 2012 (docket entry #72).

Defendants filed a reply to that response on August 6, 2012 (docket entry #73), and Plaintiff filed

a reply to their reply on August 22, 2012 (docket entry #75).[1]

### I.  Standard of review

---

[1]Plaintiff's claims against former Defendants Corizon Inc., and Wendy Kelley have been
dismissed with prejudice (docket entries #15 & #56).  Plaintiff's claims against former Defendants
Jones, Does, Christopher Loe, and Reed, have been dismissed without prejudice (docket entry #61).

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Defendants assert that Plaintiff fully exhausted only two grievances between November 3, 2008, and November 4, 2011, and that he failed to name any Defendant in either grievance. In support of their argument, Defendants provided the affidavit of Sherrie Williams, the ADC's medical grievance investigator (docket entry #66-3), as well as copies of the grievances that Plaintiff did exhaust (docket entry #66-4). Defendants stress that ADC policy requires inmates to be specific as to the personnel involved in their grievance, and that Plaintiff did not achieve exhaustion with respect to them because he failed to identify them in any grievance. Plaintiff does not challenge Defendants' claims that he failed to name them in any grievance, but asserts that he should be excused from the exhaustion requirement because he was unable to obtain specific names of "behind

3

the scene" staff members in time to file his grievance within 15 days of the incident, as required by policy.

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Plaintiff in essence is asserting that the administrative remedy was not available to him with respect to Bell, Ford, Reese and Strickland, because he did not learn their names before the grievance filing deadline expired. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)). However, there is no evidence that Plaintiff attempted to exhaust a grievance once he did learn the names. Had prison officials been given an opportunity to consider Plaintiff's claims in an administrative context, it is possible under the circumstances that they would have considered his claims on the merits, despite the untimely filing, and Plaintiff would therefore have achieved proper exhaustion. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012)(PLRA's exhaustion requirements are satisfied if grievance is considered on the merits, even if it could have been denied for procedural deficiencies). Plaintiff never gave prison officials an opportunity to consider his claims administratively, and therefore cannot now claim that the grievance process was unavailable to him. The grievance policy in effect at the time of Plaintiff's transfer to the EARU required Plaintiff to identify the personnel involved (docket entry #66-2, page #5). That requirement is on the grievance form itself (docket entry #66-4). The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Because Plaintiff failed to identify any Defendant in his exhausted grievance, Plaintiff failed to achieve proper exhaustion before he filed this lawsuit, and his complaint should be dismissed.

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     The motion for summary judgment filed by Defendants Alisha Bell, Traci Ford, Renee Reese, and Denise Strickland (docket entry #66), be GRANTED, and Plaintiff's complaint be DISMISSED.

2.     Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendants Corizon Inc., and Wendy Kelley, and DISMISSED WITHOUT PREJUDICE in all other respects.

3.     The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this ___23___ day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

5