**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DEREK MAURICE PARKS, SR.                                                        PLAINTIFF
ADC #128186

V.                                        NO: 2:11CV00199 JLH/HDY

CORIZON INC. *et al.*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the East Arkansas Regional Unit ("EARU") of the Arkansas

Department of Correction ("ADC"), filed a *pro se* complaint on November 4, 2011, alleging that he

was denied medication for a chronic illness and eye condition after a transfer to the EARU on June

13, 2011.   On February 25, 2014, Defendants Alisha Bell, Traci Ford, and Renee Reese

("Defendants"), filed a motion for summary judgment, a statement of facts, and a brief in support

(docket entries #121, #122, & #125).[1]  Plaintiff filed a response on March 27, 2014 (docket entry

#132), and Defendants filed a reply to that response on April 3, 2014 (docket entry #133).[2]

---

[1]Although Denise Strickland is still shown on the docket as an active Defendant, Plaintiff's
claims against her, along with all other Defendants were previously dismissed.  The dismissal of all
of Plaintiff's claims, except for his claims against Bell, Ford, and Reese, has been affirmed by the
United States Court of Appeals for the Eighth Circuit (docket entry #89).  Thus, pursuant to the
order entered by the Court of Appeals, and the previous order of this Court, Strickland should be
terminated as a Defendant.

[2]Plaintiff is proceeding *pro se*.  After a November 18, 2013, pre-jury evidentiary hearing, the
Court determined that, accepting Plaintiff's testimony as true, he should be allowed to proceed to
a jury trial.  Thereafter, Plaintiff was appointed counsel to assist him in preparing for the trial.

# I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

# II.  Analysis

In September of 2010, Plaintiff had a cornea transplant, and was prescribed eye drops.  After Plaintiff transferred to the EARU, he did not receive his eye drops from June 13, 2011, to July 18, 2011.  According to Plaintiff, his failure to receive these eye drops means Defendants were deliberately indifferent to his medical needs.

Defendants assert that Plaintiff's complaint should be dismissed because he cannot establish an Eighth Amendment violation.  The Eighth Amendment's proscription of cruel and unusual

---

However, Plaintiff's attorneys have been granted leave to withdraw.  Because Defendants filed a motion for summary judgment, the Court deferred consideration of appointed counsel until after the motion for summary judgment could be decided (docket entry #130).

punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

In support of their motion, Defendants have provided medical records indicating Plaintiff was seen on July 11, 2011, during the time period when he says he failed to receive the eye drops, at the Jones Eye Institute by Bhairavi Kharod, M.D., who noted that Plaintiff reported that his vision was "much improved," since his last visit (docket entry #122-2, page #10). Defendants also provided the affidavit of Robert Floss, M.D. According to Floss, the missed eye drops did not cause an adverse affect on Plaintiff's prognosis (docket entry #123).[3] When an inmate alleges that a delay

---

[3]Plaintiff has submitted no evidence in response to Defendants' motion, but the record contains a December 12, 2013, letter from R. Grant Morshedi, M.D., of the Jones Eye Institute (docket entry #111). Morshedi's letter describes Plaintiff as having a "complicated eye history" and he indicates Plaintiff's vision has recently deteriorated. Although the recent developments are undeniably difficult for Plaintiff, Morshedi's letter is not particularly relevant to a determination of whether Plaintiff's missed medication in June and July of 2011 had a detrimental impact on his eye condition. Morshedi affirms the importance, in general, of "excellent compliance" with any medication regimen, but he offers no opinion about the impact missed medication could have had over two years before he wrote the letter.

in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Based on the medical evidence provided, it is clear that Plaintiff can prove no detrimental effect as a result of the delay, and Defendants are therefore entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The motion for summary judgment filed by Defendants Alisha Bell, Traci Ford, Renee Reese, and (docket entry #121), be GRANTED, and Plaintiff's complaint be DISMISSED.

2.      Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendants Corizon Inc., Wendy Kelley, Renee Reese, Traci Ford, and Alisha Bell, and DISMISSED WITHOUT PREJUDICE in all other respects.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this    14    day of April, 2014.

UNITED STATES MAGISTRATE JUDGE